# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KEON TERRELL ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00037-SNLJ |
| UNKNOWN RODGERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Keon Terrell Allen for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $48.76. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $243.78. The Court will therefore assess an initial partial filing fee of $48.76, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Butler County Jail in Poplar Bluff, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming fourteen separate defendants: (1) Jail Administrator Unknown Rodgers; (2) Correctional Officer (CO) Mike McMeans; (3) CO Dave Light; (4) CO Keisha Unknown; (5) CO L. Schumer; (6) CO Reggie Unknown; (7) Cook Unknown Dinna; (8) CO Samuel Unknown; (9) Supervisor Luke Unknown (10) CO Francisco Vegas; (11) Supervisor Unknown Taylor; (12) Supervisor Matthew Ice; (13) Supervisor Jeff Unknown; and (14) CO Unknown Allen. (Docket No. 1 at 2-5). Defendants Rodgers and McMeans are sued in both their official and individual capacities. (Docket No. 1 at 2, 5). However, plaintiff has not indicated the capacity of the remaining twelve defendants. The complaint contains allegations that plaintiff was denied his First Amendment right to practice his religion.

In the "Statement of Claim," plaintiff asserts that between February 10 and March 11, 2022, he was denied his religious diet and religious material while at the Butler County Jail. (Docket No.

3

1 at 5). He alleges that he was told that "they don't support terrorists," that he would not be given special treatment, and that the sheriff was "not going to allow the [Holy Qur'an] to enter their jail," though he would be allowed a Bible.

With regard to the individual defendants, plaintiff states that Jail Administrator Rodgers "never responded back to [his] grievance about [his] complaint" or gave him "a copy like [he] asked." (Docket No. 1 at 3). He accuses Officer McMeans of telling him there were "no special diets" and that "they don't support [terrorism]." Likewise, plaintiff states that Officer Light told him that he knew "better than to ask for special meals" because "they don't do that" at the jail.

As to Officer Keisha, plaintiff states that Keisha told him "these people [are] not [going to] do nothing for you," that there were "plenty" of Muslims in the jail who were not receiving "special diets," and that she could not help him. Similarly, Officer Schumer told plaintiff it was "out of his hands and above his pay grade"; Officer Reggie advised that it was "crazy how" Muslims were treated in the jail, but that he could not do anything; and Staff Cook Dinna said there were "no special trays of any kind," that she was sorry, but that "they don't support Muslims" in the jail.

Concerning Officer Samuel, plaintiff asserts that Samuel told him that "we don't support [terrorism]" and that it "sucks for you and to be you."

Regarding Supervisor Luke and Supervisor Ice, plaintiff states that Luke told him that the sheriff would not allow the Qur'an in the jail, and that Ice advised that Qur'ans were not allowed because "they don't support Muslims," but that this was "messed up." (Docket No. 1 at 3-4). Meanwhile, Officer Vegas told him that "nothing's [going] to happen," and Supervisor Taylor stated that there was "nothing he could do about [plaintiff's] religious preferences."

Finally, plaintiff states that Supervisor Jeff said he was sorry, "but they do not support Muslims period," while Officer Allen advised that he wanted to help, but that he could not do anything without losing his job. (Docket No. 1 at 4).

Due to the denial of his religious diet and the Qur'an, plaintiff asserts that he was "mentally, [spiritually], emotionally, [and] physically scarred." (Docket No. 1 at 6). As such, he seeks an unspecified amount of monetary damages to be decided by a jury. (Docket No. 1 at 7). Plaintiff also wants his back "child support to be waive[d]," along with any "debts that [he] may have."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that he was denied his First Amendment right to practice his religion. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that his complaint is deficient. However, rather than dismissing outright, the Court will give plaintiff the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for four reasons. First, his official capacity claims against defendants Rodgers and McMeans are treated as being made against Butler County, their employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). In this case, however, plaintiff has not sufficiently alleged a municipal liability claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). While he appears to suggest

that Muslims were not, as a rule, allowed to have religious diets or the Qur'an, he does not attribute this to the county itself. Rather, plaintiff suggests that it was the sheriff – who is not named as a defendant – who kept Muslim inmates from practicing their religion.

Second, plaintiff has failed to state individual capacity claims against defendants Rodgers and McMeans, because he has not demonstrated their personal liability for violating his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). In particular, Rodgers is alleged to have failed to respond to a grievance, but this alone does not rise to a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (stating that a grievance procedure is a procedural right only, and does not confer upon an inmate a substantive right). As to McMeans, plaintiff alleges only that McMeans told him there were no special diets. He does not present any facts showing that McMeans was personally responsible for failing to provide him with such a diet, or with a copy of the Qur'an.

Third, plaintiff does not indicate the capacity in which he has sued defendants Light, Keisha, Schumer, Reggie, Dinna, Samuel, Luke, Vegas, Taylor, Ice, Jeff, and Allen. As such, the Court must assume that these defendants are sued in their official capacities only. *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"). However, as discussed above, plaintiff has not stated a municipal liability claim against Butler County, these defendants' employer.

Fourth, even if plaintiff had sued defendants Light, Keisha, Schumer, Reggie, Dinna, Samuel, Luke, Vegas, Taylor, Ice, Jeff, and Allen in their individual capacities, he has not demonstrated each person's direct responsibility for a constitutional harm. Indeed, most of the

6

allegations consist of each individual apologizing and saying there is nothing they can do. This is not sufficient to establish each defendant's personal liability for violating the constitution.

Rather than dismissing the complaint, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions. Failure to follow these instructions may result in the dismissal of this action.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other.

*See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan*

8

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**C. Motion to Appoint Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, as discussed above, the Court has determined that plaintiff's complaint is deficient, and has ordered him to submit an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $48.76 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 22nd day of June, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE